**STATE of Missouri, Respondent,**

v.

**Isaac HUDSON, Appellant.**

No. 54840.

Supreme Court of Missouri,
Division No. 1.

Feb. 8, 1971.

———◆———

John C. Danforth, Atty. Gen., Thomas H. Stahl, Asst. Atty. Gen., Jefferson City, for respondent.

Bell, Fullwood, Wilson & Harris, St. Louis, for appellant.

Defendant was charged with the offense of robbery in the first degree by means of a dangerous and deadly weapon. See §§ 560.120 and 560.135.[1] The indictment also charged two prior felony convictions under the provisions of § 556.280. The jury found defendant guilty as charged and the court fixed his punishment at imprisonment for a term of 15 years. Defendant has appealed.

John Scott was employed as a truck driver for Allstate Liquor Distributors Company and on November 27, 1968, was at work delivering liquor. He testified that on that date he had made a delivery to a customer at the intersection of Glasgow and Cass Avenue; that as he was getting into the cab of the truck a man (later identified as defendant) opened the door on the passenger side, pointed a .45 automatic at his face and announced that it was a holdup; that defendant then tied his hands behind him and gagged him using tape for that purpose; that defendant then drove the truck around for fifteen or twenty minutes and finally parked it; that at the time he had looked at defendant he had a handkerchief in his mouth which concealed a part of his face; that defendant was a Negro man who had on a gray hat, gray jacket, and gray trousers; that after the truck was parked tape was placed over his eyes but that he heard voices of a number of people who were unloading liquor from the truck; that at about that time the police came and he was released by them. Mr. Scott further testified that after he was freed by the police he saw that they had arrested two men; that one of the men, the defendant, was the man who had used the gun in robbing him; that this man had on a gray jacket and gray trousers but no hat at that time; that the police had found a gray hat at the scene of the arrest which looked like the one defendant was wearing.

---

1. Statutory references are to RSMo 1969, V.A.M.S.

This witness also made an in-court identification of defendant as the man who had robbed him and as the man he had identified at the scene of the arrest. He later equivocated to some extent and on cross-examination stated that he could not positively state that defendant was the man who held the pistol—that he could not definitely say defendant was the man because "he is dressed differently" in court. The witness at all times stated that defendant was definitely the man whom he had identified at the time of the arrest.

Patrolman David Maganza testified that he and Officer Simpson were riding in a patrol car about two blocks from the scene of the arrest when they heard a radio call dispatching a car to the rear of 3126 Cass; that they immediately went to the scene and saw a truck parked at that place and as the police car stopped he heard someone yell "cops"; that as he got out of the car he saw three Negro men; that one of them ran through a fence, another ran around the side of the truck, and the third "dove underneath the truck"; that he ordered this person out from under the truck and he crawled out on his hands and knees with a .45 Colt automatic in his hand; that he took the gun from him and placed him under arrest; that upon searching him he found a spool of tape in his pocket; that the man he had arrested identified himself as Isaac Hudson (defendant); that two automobiles were parked very near the liquor truck and that one of them contained five cases of liquor and the other six cases.

Patrolman H. D. Simpson testified that he was riding with Patrolman Maganza; that upon alighting from the patrol car he ran around the truck and ran into a man later identified as John Hudson, a brother of defendant, whom he placed under arrest; that his partner arrested Isaac Hudson; that the man arrested by his partner

at that time is the defendant in this case. He also testified that the defendant lived at the address where the truck was found; that the gun taken from defendant was fully loaded; and that the liquor in the cars was returned to the owner, Allstate Distributors.

■ The first point briefed by defendant is that the court erred in failing to sustain his motion for judgment of acquittal. This apparently is based on the fact that witness Scott equivocated somewhat concerning his identification of defendant. There is no merit in that contention. The evidence we have heretofore detailed is ample to support the submission.

■ The remaining point is that the court erred in failing to give a circumstantial evidence instruction. Defendant says that the identification testimony by Scott on direct examination was nullified by the equivocal testimony given by the witness on cross-examination and therefore nothing remained but circumstantial evidence. On direct examination Mr. Scott, on two occasions, definitely stated that defendant was the man who robbed him. It is our view that his subsequent testimony indicating that he was not positive that defendant was the man would not completely destroy the probative value of his prior identification testimony. Therefore, since there was direct evidence of defendant's guilt a circumstantial evidence instruction was not required. State v. Mace, Mo.Sup., 429 S.W.2d 734. Moreover, since no such instruction was offered or requested by defendant, the failure to give one would not have been reversible error in any event. See State v. Barnes, Mo.Sup., 442 S.W.2d 932, and cases cited therein. This point is disallowed.

The judgment is affirmed.

All concur.