**STATE of Missouri, Respondent,**

v.

**Keith CAIN, Appellant.**

**No. 56943.**

Supreme Court of Missouri, Division No. 2.

Oct. 9, 1972.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

Alfred I. Harris, St. Louis, for appellant.

STOCKARD, Commissioner.

Keith Cain was found guilty by a jury of robbery in the first degree by means of a deadly and dangerous weapon, and was sentenced to imprisonment for a term of five years. The notice of appeal was filed prior to January 1, 1972, and pursuant to Art. V, Sec. 31, Constitution of Missouri, V.A.M.S., appellate jurisdiction is in this court.

Appellant first contends that the State failed to sustain its burden of proving him guilty beyond a reasonable doubt. From the evidence presented by the State a jury reasonably could have found the following facts.

On October 10, 1970, at about 10:45 p. m., Miss Sandy Brennan was checking out the daily receipts of the Downtown Motel of St. Louis. Two men rushed through the door of the counter. One, identified as appellant, stood at the door brandishing an open pocket knife, and the other grabbed the cash box. The two men then ran from the motel. James Coleman, an employee of the motel, heard Miss Brennan call out that she had been robbed, and he saw two men run from the motel, one of whom was carrying a cash box, and enter a 1964 gray Buick which had a damaged front grille. He made an in-court identification of appellant as the one who was not carrying the cash box. Appellant was arrested by Sergeant Patrick Casey after he had received a report by radio of the robbery and observed an automobile which matched the description of the vehicle involved in the robbery. In the automobile at the time were six persons, one of whom was appellant. Early in the morning following the robbery, Miss Brennan was called to the police station where she viewed a lineup, and she identified appellant and another as the two persons who had robbed her.

Appellant testified that he was at the motel to attend a dance, and that he saw Dennis Hayman and Dennis Griffin steal the money from the motel while Miss Brennan was talking on the telephone. He further testified that later that night he attended a party at another place, and that when he and five others, which included Dennis Griffin and Dennis Hayman, were riding in an automobile they were arrested.

■ The jury was not required to believe appellant's version as to what occurred. There was substantial evidence presented by the State to support a finding of the facts above set forth which includes every element of the offense charged. Also there was sufficient evidence that appellant was one of those who committed the offense. See State v. Hudson, Mo., 462 S.W.2d 749. We find no merit to the first contention of appellant.

■ The remaining contention is that "The Trial Court erred in unduly and improperly injecting itself into the trial for

the purpose of impeaching and discrediting defendant."

The facts upon which this contention are based are not set forth in appellant's brief, and no argument is made and no cases are cited in support of it. We could dispose of this point on the basis that nothing has been presented for review. State v. Williams, Mo., 420 S.W.2d 280; State v. McLachlan, Mo., 283 S.W.2d 487. However, the Attorney General has set forth in the State's brief the matter to which appellant undoubtedly refers, and to be certain that no manifest miscarriage of justice occurred, we have examined the transcript. We find that after appellant volunteered a statement that he had recently been released from the service, and had also testified that the "get-away" automobile had stolen license plates on it, and that when arrested he was in an automobile with the two persons whom he had said he had seen steal the money from the motel, the trial court asked some questions to clarify these statements. We do not need to set out the questions and answers. It is sufficient to say that we have carefully reviewed them. None of the questions indicated the court's belief in appellant's guilt, and no reasonable jury could have obtained any impression other than that the court was seeking to clarify previous testimony.

It is recognized that a trial court may in its discretion interrogate witnesses, including the accused when he takes the stand. State v. Crockett, Mo., 419 S.W.2d 22; State v. Grant, Mo., 394 S.W.2d 285. As stated in State v. James, Mo., 321 S.W.2d 698, "Among the judge's inherent powers in the administration of justice is his power to interrogate witnesses; 'One of the natural parts of the judicial function * * * is the judge's power and duty to put to the witnesses such additional questions as seem to him desirable to elicit the truth more fully.'" In this case the questions by the court asked of appellant did no more than tend to explain or add to the understanding of the testimony already given. Such questions by the court are proper where the purpose is to develop more fully the truth and to clarify testimony already given. State v. Lay, Mo., 427 S.W.2d 394. We find no abuse of discretion on the part of the trial court, and appellant was not denied a fair trial.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.