STATE of Missouri, Plaintiff-Respondent,

v.

Terry PROCTOR, Defendant-Appellant.

No. 37714.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 25, 1977.

Robert A. Hampe, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Henry J. Fredericks, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

A jury found appellant guilty of murder in the second degree, § 559.020 RSMo 1969, and assault with the intent to kill with malice aforethought, § 559.180 RSMo 1969, in connection with the shooting of appellant's girlfriend and her estranged husband.

█ On appeal, appellant challenges the exclusion of defense evidence that appellant lawfully purchased his gun several years prior to the alleged murder and assault pursuant to appellant's employment as a security guard. The trial court had excluded such evidence as immaterial and irrelevant. Appellant contends that evidence concerning the purchase of the gun is rele-

vant to disprove "malice aforethought" [1], an element of the crime of assault with the intent to kill with malice aforethought.[2] § 559.180, supra. Appellant argues that the excluded evidence was necessary to prove that appellant did not purchase his gun as a part of any plan to attack the victims of the shooting. We do not believe the trial court erred in excluding evidence of the circumstances surrounding appellant's purchase of his gun.

█ The determination of the materiality and relevancy of evidence is a matter within the discretion of the trial judge. State v. Martin, 530 S.W.2d 447, 452[18] (Mo.App.1975). Evidence is relevant if it tends to prove or disprove a fact in issue or corroborates relevant evidence bearing on the principal issue. State v. Sanderson, 528 S.W.2d 527, 531[7] (Mo.App.1975). It is settled that doubts as to the relevancy of evidence should be resolved in favor of the admissibility of the evidence. State v. Sanderson, supra at 531[7, 8]. However, evidence which tends to draw the attention of the jury away from the issue that it was called upon to resolve should be excluded. State v. Walden, 490 S.W.2d 391, 393[3] (Mo.App.1973). Likewise, other matters, such as confusion of issues or inefficient consumption of time in trial, may outweigh the value of the proffered evidence and justify exclusion of the evidence. Gatzke v. Terminal R. R. Ass'n of St. Louis, 321 S.W.2d 462, 466[5] (Mo.1959).

█ In excluding evidence as to the time and circumstances surrounding the purchase of appellant's gun, the trial court below did not abuse its discretion. The state did not attempt to prove that appellant purchased his gun as a part of a plan to attack the victims. Appellant's testimony established that the gun had been purchased prior to the date of the shootings. Appellant testified that he believed himself

1. "Malice aforethought" may be defined as the intentional doing of a wrongful act without just cause or excuse after thinking of it beforehand for any length of time, however short. State v. Smart, 485 S.W.2d 90, 93[2, 3] (Mo.1972).

2. Although "Malice aforethought" is also an element of murder in the second degree, State v. Anderson, 375 S.W.2d 116, 119[2] (Mo.1964), appellant has confined his argument to the assault charge.

threatened by his girlfriend's estranged husband after an argument with the husband on the morning of the shootings and that he had retrieved his gun from a closet in his aunt's apartment following the dispute. Since there was evidence that appellant purchased his gun prior to the day on which the alleged murder and assault occurred and since appellant's state of mind on the day of the shootings is the matter at issue, we fail to understand how the circumstances surrounding the purchase of the gun would disprove any wrongful intent on the day of the charged murder and assault. The proffered evidence is irrelevant, and the court did not err in excluding it.

The judgment is affirmed.

WEIER, P. J., and CLEMENS, J., concur.