**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Less CAMPBELL, Jr.,
Defendant-Appellant.**

**No. 38294.**

Missouri Court of Appeals,
St. Louis District,
Division 1.

Sept. 27, 1977.

Robert C. Babione, Public Defender, James W. Whitney, Jr., Asst. Public Defender, St. Louis, for defendant-appellant.

George A. Peach, Circuit Atty., Edward J. Rogers, Asst. Circuit Atty., St. Louis, John D. Ashcroft, Atty. Gen., Paul Robert Otto, W. Mitchell Elliott, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction of robbery and resultant 18 years sentence.

No question of the sufficiency of the evidence to support the jury verdict is raised. There was evidence that defendant and an-

other man entered the Original Restaurant in St. Louis and at gunpoint robbed the proprietor, Mrs. Long of $630. Defendant produced witnesses to support an alibi defense.

Defendant raises two issues on appeal, both of which we review under the plain error rule (Rule 27.20(c)) as neither was properly preserved for appeal. *State v. Nevills*, 530 S.W.2d 52 (Mo.App.1975) [1–4].

 The first point involves a brief series of questions by the Court directed to one of defendant's witnesses. No objection was made during trial to this questioning. The witness, an employee of the restaurant at the time of the robbery, had seen the robbers. He testified that he could not identify the robbers, either immediately after the robbery or in court. He then indicated defendant was not one of the robbers. On cross-examination the witness' answers were somewhat evasive and we find, taken as a whole, the testimony left doubt as to whether the witness could not identify defendant as one of the robbers or whether he was affirmatively stating defendant was not in the restaurant during the robbery. The brief questioning of the Court was aimed at clarifying this ambiguity. This is a proper function of the trial judge. *State v. Cain*, 485 S.W.2d 60 (Mo.1972). We find nothing in the judge's questions to indicate partiality or prejudice. There was no error, much less plain error.

The second point is that the court erred in failing to sustain an objection to the prosecutor's closing argument in which he commented on the absence of testimony from a man purportedly with defendant at the time the robbery took place. Defendant's "objection" was "Your Honor, there's evidence that man's in Texas this week at a management training session." This is not an objection at all, simply a statement and did not call for a ruling by the judge. In defendant's motion for new trial this statement was posited as a comment on defendant's right to remain silent and a comment on the burden of proof. On appeal, defendant contends the "comments cast unfavorable inferences on the failure of a defense witness to testify and also on who was responsible for that witness' absence." Since no proper objection was made at trial, and since the grounds asserted on appeal are different than the vague grounds in the motion for new trial, the matter has not been preserved for appellate review. We find no manifest injustice in the statement sufficient to invoke the plain error rule. *State v. Jackson*, 411 S.W.2d 129 (Mo.1967).

Judgment affirmed.

CLEMENS, P. J., and DOWD, J., concur.