**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Thomas Michael EDDY,
Defendant-Appellant.**

**No. 39103.**

Missouri Court of Appeals,
St. Louis District,
Division One.

April 4, 1978.

Robert C. Babione, Joseph W. Webb, Frank R. Fabbri, St. Louis, for defendant-appellant.

John D. Ashcroft, Paul R. Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of robbery in the first degree and resultant 10 year sentence imposed by the court. We affirm.

The evidence established that defendant approached an automobile at a stop sign in St. Louis City near midnight. Defendant held a gun on the driver from the front passenger window and demanded and received the driver's leather jacket and wallet. The driver attempted to flee by starting his car suddenly and moving into the middle of the street, where his car stalled directly in front of an unmarked police car. The plain clothes policemen in that vehicle noticed defendant move away from the victim's car as it started up and noticed he had a jacket wrapped around his hand. They observed the defendant go into an alley and one of the policemen followed him at a walk. That officer then observed defendant remove the jacket from his hand and saw that defendant was holding a pistol. The police officer gave chase, and ordered defendant to stop, which he did. Upon stopping, the defendant threw the jacket and gun over a fence where they were subsequently recovered. The jacket was later identified by the victim as his and the gun as the one the robber held on him. Defendant was arrested for carrying a concealed weapon. The police officer took defendant to the police car which had, during the chase, gone to a location in front of the house in the backyard of which defendant was apprehended. Upon arrival at the car, the police officers heard a radio broadcast advising of the robbery of the automobile driver. The victim had, after once again starting his car, located a taxi cab in close proximity. The taxi driver notified his dispatcher of the robbery and the dispatcher in turn notified the police. The police officers

drove to where the victim and the cab driver were located and the victim identified defendant as the man who had robbed him. This identification occurred within ten minutes after the robbery. Defendant was then searched and the victim's wallet was found in his possession. Cards and papers from that wallet were subsequently found in the backyard where defendant was arrested.

Defendant testified that he had left his home, two houses from where he was arrested to go to a liquor store. He testified he was arrested by the police on the street in front of his house, that he had never had possession of the jacket, gun or wallet, and that he did not commit the robbery. His girl friend and a brother testified in general support of defendant's story.

On appeal, defendant raises two points. The first concerns the trial court's refusal to allow a witness for the defense to testify because of a failure by the defendant to disclose such witness during discovery. Rule 25.45 provides that exclusion of non-disclosed evidence is one of the sanctions which the trial court may impose for violation of the rules of discovery. We find no abuse of discretion in the court's action here. This is particularly true because defendant made no offer of proof of what the excluded witness would testify to and made no specific statement in his motion for new trial of the testimony which would have been given. Neither we nor the trial court can assess the admissibility, relevancy, or importance of the excluded testimony.

Defendant's second point is that the court erred in posing the following question to defendant during his testimony:

"I take it, Mr. Eddy, that you feel that the police framed you in this case."

Defendant responded: "Yes, your Honor, I think so."

No contention is advanced that the question was asked with any inflection or facial expression indicating a disbelief of defendant's story. The only challenge raised to the question is that it violated the standards of fairness and impartiality required of the trial court. It is axiomatic that a trial judge must not indicate by his comments or questions his opinion of the merits of the case or of evidence in the case. On the other hand, the judge does have authority to ask questions to clarify testimony. *State v. Cain,* 485 S.W.2d 60 (Mo.1972); *State v. Campbell,* 556 S.W.2d 742 (Mo.App. 1977). Under the circumstances here, we find no error nor prejudice in the court's inquiry. Given the total divergence between the testimony of the police officers and that of defendant the only explanation of defendant's story was that the police planted the exhibits introduced at trial—in short that they framed defendant. We do not believe it was improper for the court to ask the question so long as it was posed in an impartial way. Where the defense was based upon a theory that defendant was framed, as this one by necessity was, we do not find that a direct question upon the matter is either erroneous or prejudicial.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.