**STATE of Missouri, Respondent,**

v.

**Jeremiah FLENOID, Appellant.**

**No. 38083.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 19, 1978.

**180**

Samuel Raban, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Chief Counsel, Asst. Atty. Gen., Ann K. Covington, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Defendant Jeremiah Flenoid has appealed his conviction for illegally selling a Schedule I Controlled Substance and a prior felony conviction. The trial court sentenced him to imprisonment for six years.

Defendant now contends the trial court erred in prohibiting him from examining a police record, entering it into evidence, and referring to it in his opening statement. He also contends error in overruling objections to the introduction of laboratory tests and grand jury notes on the ground the state failed to comply with discovery Rule 25.32, VAMR. We deny both contentions.

The state's evidence showed police officer Charles Cobb was sent to defendant's apartment by his superiors to buy narcotics from defendant. There, Cobb asked for "Jerry, and said he wanted to buy some 'jive.'" Defendant told Cobb he had acid but no "jive." Cobb passed a five-dollar bill to defendant, who handed out a piece of paper with two blots on it. A police technician identified the substance as d-lysergic acid diethylamide (LSD).

The defense was alibi, and defendant claimed he was "framed" by the police in retaliation for having made a complaint against a police officer in 1973. The police record in question contained the results of an investigation of defendant's complaint, but testimony at trial showed none of those police officers were involved in the present charge against defendant.

The determination of evidentiary materiality and relevancy is primarily within the trial court's discretion. *State v. Proctor*, 546 S.W.2d 544[2–5] (Mo.App.1977). Here, the court properly exercised its discretion because the police record was irrelevant to the issue of whether defendant made the sale of LSD (*State v. Nettis*, 78 R.I. 489, 82 A.2d 852[1] (1951)), particularly so because the police officers connected with defendant's arrest and trial did not participate in the previous incident. *Rush v. State*, 137 Ga.App. 387, 224 S.E.2d 39[3] (1976). We deny defendant's first point.

■ *State v. Helms*, 559 S.W.2d 587 (Mo. App.1977) controls defendant's contention the court erred in the introduction of laboratory reports which were not furnished in accordance with discovery rules. The *Helms* court noted that despite the state's admission it had not complied with discovery rules, the real issue was the propriety of the court's refusal to apply the sanction of exclusion. Rule 25.45, VAMR, does not provide failure to comply with a discovery rule requires automatic exclusion. Rather, in the event of such failure, the rule declares the court in its discretion may ". . . order such party to make disclosure of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other orders as it deems just under the circumstances." Exclusion is mandated only if earlier production of the reports would likely have effected the result. *Helms*, supra, at [1–4].

Here, the formal reports were made available to defendant when first completed, the morning of trial. Long before trial defense counsel had seen the police report containing the name of the chemist and the results of the tests. He refused the trial court's offer of time to examine the laboratory report.

The issue is whether there was an opportunity to examine the undisclosed evidence and make a record that additional time was needed or that the delay precluded rebuttal. *Helms*, supra, at [1–4]. Here, defendant asserted neither ground and has presented to us no basis for finding earlier disclosure would have permitted him to have countered the evidence. We find no abuse of the court's discretion.

Defendant's contention regarding grand jury testimony and notes is without merit. Such allegations of error must be based upon objections made at trial; these were not.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.