**STATE of Missouri, Plaintiff–Respondent,**

v.

**James M. BIZZLE, Defendant–Appellant.**

**No. 42764.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 14, 1980.

Motion for Rehearing, Transfer to Court En Banc, or Transfer to Supreme Court Denied Nov. 14, 1980.

---

Samuel Raban, St. Louis, for defendant–appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for plaintiff–respondent.

DOWD, Presiding Judge.

Appellant was convicted of second degree burglary and stealing upon jury trial. Under the second offender act, appellant was sentenced to 10 and 2 years consecutive terms of imprisonment, respectively.

On appeal, appellant does not challenge the sufficiency of the evidence against him but challenges the trial court's admission of certain evidence and an order prohibiting defense testimony by appellant's brother who had been arrested the same day as appellant in connection with crimes charged but released.

Appellant's first and second contentions are that the court improperly admitted evidence which had not been disclosed or produced by the state pursuant to appellant's discovery motion or motion for inspection. Appellant's contentions are directed to photographs of the interior and exterior of the burglarized dwelling including photographs showing a glove and hat found at the scene of the crimes charged. Appellant's contentions are also directed to exhibits which are

the fingerprints taken from the interior of the burglarized home, fingerprints taken from appellant upon arrest, photographic enlargements of the fingerprints, and any reports about or comparison of fingerprints. In its brief, the state does not contend the state did not violate discovery rules by failing to disclose or produce the challenged evidence prior to the time of trial. The state's practice as revealed by the instant case of postponing development of photographs until the time of trial and withholding the results of fingerprint comparisons is not to be approved. However, the state contends the trial court was nonetheless within its discretion in not excluding evidence as the sanction for violation of discovery rules. We agree.

■ Whether the exclusion of evidence not produced pursuant to discovery request is the appropriate sanction under Rule 25.16 is a matter within the trial court's discretion. The test is whether the state's failure to produce has resulted in fundamental unfairness or prejudice to defendant. *State v. Smothers*, 605 S.W.2d 128 (Mo. banc 1980); *State v. Gormon*, 584 S.W.2d 420, 422–23[1] (Mo.App.1979). In reviewing the trial court's exercise of discretion for abuse, the appellate court's determination will depend upon the nature of the charge, the evidence presented, and the role the undisclosed evidence might have played in the preparation of a defense. *State v. Gormon, supra.*

■ The photographs of the interior and exterior of the burglarized dwelling which are the subjects of appellant's complaints were introduced to supplement the testimony of the owner of the property and investigating police officers describing the scene of the burglary. The photographs were not developed until the time of trial but were merely corroborative of the testimony of state's witnesses. Defense counsel had an opportunity to examine the photographs before their admission and did not request any further recess or continuance as necessary to prepare. Exclusion of such non–dis-

closed photographs is not required if the evidence is merely corroborative of other testimony by witnesses. A recess or continuance is sufficient to allow the defendant an opportunity to examine and prepare for the evidence. *State v. Gormon, supra* at 423[4]; *State v. Couch*, 569 S.W.2d 789, 791[2–5] (Mo.App.1978). *See, State v. Smothers, supra.*

■ Appellant also complains of the admission of evidence showing fingerprints taken from the scene of the crime and from appellant upon arrest together with evidence comparing the two sets of fingerprints. Although the police report delivered to appellant a few weeks before trial noted fingerprints were processed as a part of the police investigation, the results of the comparisons were not furnished appellant. Appellant argues admission of fingerprint evidence prejudiced him and resulted in fundamental unfairness because he did not have the opportunity to utilize defense experts to re–examine the conclusions of the state's experts.[1] However, appellant never requested a recess or continuance to secure his own expert's analysis of the fingerprints. Appellant only requested exclusion of the evidence. The trial court has the best position to assess the prejudicial effect of the failure to disclose and determine what remedy will alleviate unfairness. *State v. Smothers, supra.* If a recess or continuance would be adequate to permit the defense to prepare for the challenged evidence, exclusion of the evidence is not required. *State v. Gormon, supra* at [2–3]; *State v. Flenoid*, 572 S.W.2d 179, 181[3] (Mo.App.1978).

■ We are not unmindful that a significant minority of our Supreme Court have taken the position that admission of evidence such as the evidence of which appellant complains is fundamentally unfair and results in reversible error. *State v. Smothers, supra* (Bardgett, J., dissenting); *State v. Smothers supra* (Donnelly, J., dissenting);

---

1. In the instant case, the state's expert noted 9 points of comparison between appellant's fingerprints and fingerprints taken from the scene of the burglary. The state's expert testified it was possible for different individuals to have, at most, 4 points of comparison in common.

*State v. Smothers, supra* (Seiler, J., dissenting). The minority view would seem to indicate a growing sentiment that the state will not be compelled to abide by the spirit and letter of the discovery rules if the state's non–compliance is continually excused as non–prejudicial. *State v. Smothers, supra* (Seiler, J., dissenting). Nevertheless, we are loath to anticipate any future changes in the majority holdings of our Supreme Court. We are bound by what has been and still remains the law of this state concerning sanctions for non–compliance with discovery. We rule appellant's first and second contentions against him.

Appellant's third contention is that the court improperly excluded testimony by appellant's brother. The trial court excluded the testimony because appellant did not disclose his brother's name as a witness pursuant to the state's discovery motion. On appeal, appellant seeks review of his contention under the plain error rule because the contention was not preserved in appellant's motion for new trial.

Certainly, at first blush it would appear the trial court imposed discovery sanctions in the uneven fashion of which the dissenters in *State v. Smothers, supra*, disapprove. *State v. Smothers, supra* (Donnelly, J., dissenting); *State v. Smothers, supra* (Seiler, J., dissenting). Regardless, exclusion of evidence is available as a proper remedy for failure to comply with the state's discovery request and in this instance does not result in manifest injustice or a miscarriage of justice so as to constitute plain error. *State v. Umfleet*, 587 S.W.2d 612, 615[4–5] (Mo.App.1979). In the instant case, appellant failed to specify in the motion for new trial what testimony his brother would have given and has made no offer of proof as to what evidence the excluded testimony could supply. *State v. Eddy*, 564 S.W.2d 938, 940[1] (Mo.App.1978). Neither we nor the trial court can assess the admissibility, relevancy, or importance of the excluded testimony in a void. *State v. Eddy, supra*. We find no abuse of discre-

tion commensurate to plain error in the trial court's action here.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.