**STATE of Missouri, Respondent,**

v.

**Anthony Lee GIBBS, Appellant.**

**No. 44601.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 12, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

Application to Transfer Denied
June 30, 1983.

Michael P. David, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Appeal from a jury conviction of manslaughter. Defendant was sentenced to ten years imprisonment. We affirm.

Defendant was charged by indictment of murder in the first degree (Count I), or in the alternative, murder in the second degree (Count II) of his grandmother. The jury found defendant guilty of the lesser included offense of manslaughter under the second degree charge.

Grandmother was found by the police lying in her apartment, with more than 20 gun and knife wounds. A bloody knife was nearby. Defendant was present, with "a moderate amount of blood" on his clothes. Grandmother died of a loss of blood caused by the wounds. The gunshot wounds were caused by a .38 Colt Revolver kept at the residence of the victim.

Defendant related two different stories to the police as to what happened, and then told a third story at trial. The day of the murder, defendant told one police officer his grandmother had been attacked by a white insurance man and his black body guard.

The next day, defendant altered his story, telling another police officer he had stolen his uncle's .38 Colt and tried to sell it to an acquaintance. According to defendant, this other person offered to buy the gun with the proceeds from the robbery of the deceased. The robbery was the defendant's idea. Defendant stated he let the acquaintance into the apartment and left him with defendant's grandmother. Later, defendant heard a gunshot and saw his grandmother lying on the floor and the acquaintance stabbing her. Defendant said he wrestled with the acquaintance and sustained a cut to his hand before he was knocked to the floor. Defendant gave the police officer three different names for the acquaintance.

At trial, defendant testified to a third story. He said one Carey Jo was let into the apartment for a glass of water, and he committed the crime out of the presence of the defendant. He admitted the first story was not true and denied telling the second story to the police.

■ Defendant cites error in the lack of an instruction on the lesser included offense of manslaughter under Count I (murder in the first degree), despite the fact defendant was found guilty of manslaughter under Count II (murder in the second degree). In charging the jury, the trial court gave MAI–CR.2d 2.71 regarding alternative counts, instructing the jury that it could find guilt under either Count I or Count II or find for acquittal.

Defendant cites MAI–CR.2d 15.00, Notes on Use (3)(e) for the proposition that the trial court must give manslaughter as a lesser included offense for first degree murder, as follows:

(3)(e) . . ., if murder in the first degree is the highest homicide submitted, the court must give the following instruction:

MAI–CR. 15.18 on conventional manslaughter. The court must also give either one or both of the following instructions which are justified by the evidence:

MAI–CR. 15.14 on conventional second degree murder, and

MAI–CR. 15.16 on any second degree felony-murder.

While the Notes on Use MAI–CR. 15.-00(3)(e) require the giving of MAI–CR. 15.-18 on conventional manslaughter under Count I (murder in the first degree), there was no prejudice to defendant because a similar MAI–CR. 15.18 was given in connection with Count II (murder in the second degree). Defendant was found guilty of manslaughter. He was found innocent of murder in the first degree under Count I. Accordingly, there could have been no prejudice to defendant as to that instruction that would warrant reversal. *State v. Boggs,* 634 S.W.2d 447, 455 (Mo.banc 1982).

Defendant also asserts he was entitled to judgment of acquittal as to Count I at the close of the evidence because there was insufficient evidence to establish a robbery or an attempted robbery. "In determining the sufficiency of the state's evidence to make a submissible case for the jury, we are required to consider as true the evidence most favorable to the state and all favorable inferences to be drawn therefrom, disregarding evidence to the contrary." *State v. Smith,* 621 S.W.2d 94, 95 (Mo.App.1981).

■ The police officer's extensive testimony as to the defendant's confession of a robbery plot, along with the other testimony and evidence concerning the circumstances of the stabbing/shooting, supplied sufficient evidence for the robbery issue to be submitted to the jury.

Additionally, we note defendant's allegation of prejudice is mere conjecture insofar as the jury found the defendant innocent of felony murder. *State v. McMillin,* 581 S.W.2d 612, 616 (Mo.App.1979).

■ Defendant next argues the trial court committed prejudicial error in sustaining prosecution's relevancy objection to defense counsel's line of questioning concerning the condition of defendant's confinement prior to making a statement. The objection was sustained after defense counsel explained the cell's environment could have had an effect on defendant's state of mind, it was relevant to the question of voluntariness, and it was important in determining how much weight the jury should place on the statements made to Officer Crews. We find no abuse of discretion in the trial court's exclusion of the testimony. *State v. Proctor,* 546 S.W.2d 544, 545 (Mo. App.1977). Defendant had only spent one night in jail. The voluntariness of the confession had already been determined at the pretrial hearing. Moreover, no other evidence was offered to show deplorable jail conditions.

■ Finally, defendant asserts error in the trial court's refusal to quash his indictment. The defendant proffers the grand jury pool in the City of St. Louis is selected in a discriminatory manner. Defendant concedes the court's disposal of this matter is governed by the Missouri Supreme Court's decision in *State v. Payne,* 639 S.W.2d 597, (Mo.1982). The issue in *Payne,* relevant to this case, was consolidated with *State v. Baker,* 636 S.W.2d 902, 907–910 (Mo. banc 1982). The court in *Baker* upheld the grand jury and grand jury foreman selection process contested here and in *Payne.*

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.