**STATE of Missouri, Respondent,**

v.

**John MOSELEY, Appellant.**

**No. 49947.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 4, 1986.

Shaw, Howlett & Schwartz, Charles M. Shaw, Clayton, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, John Munson Morris, Asst. Attys. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, John Moseley, was prosecuted on the charge of assault in the first degree. He was convicted, in a jury trial, of the lesser-included offense of assault in the second degree. Pursuant to that verdict, he was sentenced to a term of imprisonment of five years and a fine of $2,000. On appeal he raises four allegations of error. He contends the trial court erred in: (1) failing to suppress evidence seized in a warrantless search; (2) failing to admit part of his evidence of good character; (3) denying his motion for a judgment of acquittal; and (4) failing to give a defense of premises instruction. We affirm.

Defendant was the manager of a movie theatre. On June 13, 1984, just after midnight, he heard someone trying to open a set of double metal doors at a side entrance of the theatre. He retrieved a gun from the office and fired two shots at the door. Immediately thereafter, he left the theatre. Later, he learned that one of the shots had injured a police officer who had been investigating a report of a prowler at the theatre. Defendant turned himself in early the next morning.

Shortly after the shooting, a police officer from the evidence unit entered the theatre to take photographs and to look for physical evidence. He discovered a spent .32 caliber shell casing and some beer cans, which he photographed and seized.

Later that same morning he returned, accompanied by other police officers and the co-owner of the theatre, who was also defendant's mother. He conducted a second search of the premises, at which time he photographed and seized a second spent shell casing, a gun, and a holster.

Defendant's first point challenges the denial of his motion to suppress the two spent shell casings and the weapon. At trial, that evidence was admitted without objection.

■ "The rule is well established in Missouri that when a motion to suppress evidence is denied and the evidence is subsequently offered at trial, defendant must object at trial to the admission of the evidence." *State v. Fields,* 636 S.W.2d 76, 79 (Mo.App.1982). Absent an objection, the issue of whether the evidence should be excluded is not preserved for review. *Id.* This rule is strictly applied because the trial judge should be given an opportunity to reconsider his prior ruling against the backdrop of the evidence adduced at trial. *Id.*

■ Nevertheless, we have reviewed the record and find that the denial of defendant's motion to suppress resulted in neither manifest injustice nor a miscarriage of justice. Rule 30.20. Opening statements were made by both counsel before the presentation of the evidence. Although the content of the opening statements was omitted from the record on appeal, it reasonably can be assumed that defense counsel outlined his theory of the case for the jury. From defendant's testimony at trial it can be inferred that the theory of his case included the fact that he fired his gun twice at the door to frighten away any intruders. There was no prejudice to defendant in the admission of a gun and spent shell casings when he admitted at trial that he had in fact discharged the gun.[1] Defendant's first point is denied.

In his second point, defendant challenges the partial exclusion of his evidence of good character and the trial court's statement regarding that testimony. Defense counsel sought to elicit testimony from four police officers about defendant's good reputation. In response to defense counsel's questioning, the first police officer stated that he had never heard anything negative about defendant's reputation for being peaceful and law abiding. On cross-examination, however, the officer could not recall other police officers discussing anything positive about defendant's reputation for the same characteristics. The prosecutor objected to the testimony on the ground that there was no basis for the witness to form an opinion as to defendant's reputation. The judge, himself, then questioned the witness further and finally sustained the objection.[2] On redirect examination, defense counsel repeated his question as to whether the police officer had ever heard

---

1. In some cases the attorneys' failure to object at trial to the admission of evidence sought to be suppressed in a pretrial motion results in prejudice to defendant. In *Riley v. Wyrick,* 712 F.2d 382, 385–386 (8th Cir.1983), defendant was charged with possession and his attorney moved to suppress the heroin retrieved from defendant in an allegedly illegal search and seizure. The Eighth Circuit Court of Appeals concluded that, when "a criminal defendant's only plausible defense rests on a motion to suppress, a fair trial depends on his counsel preserving that defense for review." *Id.* at 386. In this case, even if the gun and shell casings had been suppressed, the State would have made a submissible case.

2. The pertinent excerpt from the transcript reads:

THE COURT: The original question that was asked was, whether or not you knew his repu-tation among police officers for being law abiding and nonviolent. Now do you know that reputation or not?
A. I've never discussed it.
THE COURT: Very simple. Either yes or no.
A. No, I've never discussed with other police officers.
THE COURT: I'll sustain your [state's] objection.
[DEFENSE COUNSEL]: Wait just a second, Your Honor. I asked him if he had ever heard anything against his reputation.
THE COURT: I understand that.
[DEFENSE COUNSEL]: Now that is good character evidence.
THE COURT: He just stated he doesn't know his reputation. I'm not going to argue, ... I've sustained the objection. Now that's it.

anything adverse to defendant's reputation. The judge again questioned the witness about defendant's positive reputation among police officers. He then admitted the testimony, stating: "I'll leave it in for whatever it's worth." The testimony of the second police officer that he had heard nothing adverse to defendant's reputation was admitted. Similar testimony of the third police officer was also allowed, although the following discourse occurred during his cross-examination:

[PROSECUTOR]: Your Honor, I will ask that it be stricken. He does not have the basis to give an opinion as to this man's characteristics.

[DEFENSE COUNSEL]: Your Honor, he has said that he's heard nothing against his reputation among the other police officers that he knows who knows him.

THE COURT: We're back to the same terminology you used before. A reputation is a certain thing. It isn't a question of being against or for. It's a question of what is the reputation. That's what we're after. Nothing else.

After a conference at the bench, the fourth police officer was called but never asked if he had heard anything negative about defendant's reputation. No offer of proof was made by defense counsel.

Defendant alleges that the trial judge misconstrued the method of establishing character when he excluded some of the testimony from evidence, and that the judge's comments and questions confused the jury and undercut the value of the testimony that was properly admitted.

■ "It is axiomatic that a trial judge must not indicate by his comments or questions his opinion ... of evidence in the case." *State v. Eddy*, 564 S.W.2d 938, 940 (Mo.App.1978). It is permissible, however, for the judge to ask questions to clarify a witness's testimony. *Id.* In the present case, although the judge emphasized in his questions the need for the witness to testify regarding defendant's positive reputation for being peaceful and law abiding, he admitted the testimony which established that the witnesses had heard nothing adverse to defendant's reputation. While he did comment that such evidence would be admitted "for whatever it's worth," such a comment falls short of violating the standard of fairness and impartiality required of the trial court. *See, e.g., Eddy* at 940. Moreover, defense counsel did not object at trial to the judge's comment so that the error, if indeed any existed, was waived. *See State v. Sykes*, 628 S.W.2d 653, 655 (Mo.1982).

■ We agree with defendant that the evidence he offered was appropriate to prove his good character. "[T]he testimony of a witness that he has never heard anything against the character or reputation of a defendant is perhaps the most cogent evidence that the defendant's reputation is good." *State v. Foster*, 665 S.W.2d 348, 354 (Mo.App.1984). Such testimony is relevant to demonstrate the improbability of defendant's committing the crime charged. *State v. Allen*, 641 S.W.2d 471, 473 (Mo.App.1982). Where the evidence was admitted, however, we find no prejudice resulting from the court's reluctance to adopt this method of developing such evidence. Defendant's second point is denied.

Defendant's third point, in essence, questions the submissibility of the State's case. He argues that the trial court erred in denying his motion for acquittal because the evidence was insufficient to demonstrate the requisite intent to commit assault in the second degree. Defendant alleges that, although he fired the gun, there was no evidence that he intended to shoot at anyone.

■ In testing the sufficiency of the evidence, facts and appropriate inferences intelligently drawn therefrom must be assessed in the light most favorable to the State, disregarding all adverse inferences and evidence. *State v. Branscomb*, 638 S.W.2d 306, 307 (Mo.App.1982). Our review is limited to whether there is sufficient evidence from which reasonable persons could have found defendant guilty. *Id.*

■ The essential elements of assault in the second degree are (1) knowingly or recklessly (2) causing serious physical injury to another person (3) by means of a deadly weapon or dangerous instrument. § 565.060, RSMo (Cum.Supp.1984). A person acts "recklessly" when (1) he consciously disregards a substantial and unjustifiable risk that a result will follow, and (2) such disregard constitutes a gross deviation from the standard of care of a reasonable person in a similar situation. § 562.016(4), RSMo (1978). Taking defendant's own testimony as true, he fired his gun twice at the door when he suspected that someone was on the other side and then left before checking to see if someone had been hit. Thus, defendant acted "recklessly," since he consciously disregarded the risk that someone would be injured. His actions did cause "serious physical injury to another" when a police officer was struck by one of the bullets. Finally, defendant used a gun, classified as a "deadly weapon" under § 556.061(10), RSMo (Cum. Supp.1984). Defendant's acts, at the very least, constituted assault in the second degree. The trial court properly denied defendant's motion for acquittal. Defendant's third point is denied.

■ In his fourth point, defendant asserts that the trial court erred in failing to give his defense of premises instruction based upon MAI–CR2d 2.42. At trial, however, defendant submitted a defense of property instruction, patterned on MAI–CR2d 2.43, and not a defense of premises instruction.[3] Defendant's motion for new trial asserted error in the court's refusal to give the proffered defense of property instruction and made no reference to a defense of premises instruction. Any error relating to a defense of premises instruction, therefore, is not preserved for appellate review. Rule 29.11(d). Accordingly, we decline to reach the issue of whether the trial court should have given a defense of premises instruction. We address only the propriety of the trial court's refusal to give a modified defense of property instruction, the issue preserved for our review.

When the alleged justification for the use of physical force is defense of property, defendant has the burden of injecting that issue into his case. § 563.041(4), RSMo (1978). A defense of property instruction is mandatory whenever there is evidence to support it. MAI–CR2d 2.43 comment 3. Justification based upon defense of property is limited in scope "to the use of *physical force* by a person to prevent stealing, property damage or tampering." (Emphasis added.) § 563.041 comment. The use of deadly force, however, is not permitted when a person's only purpose is to protect his property. § 563.041 comment. *See also* MAI–CR2d 2.43 comment 4. Deadly force means physical force which the actor uses with the purpose of causing, or which he knows will create a substantial risk of causing, death or serious physical injury. § 563.011(1), RSMo (1978). *See also* MAI–CR2d 33.01.

3. The following instruction was submitted:

One of the issues in this case is whether the use of physical force against Robert Steele was justifiable. The use of physical force is justifiable if used in lawful defense of property.

On that issue you are instructed as follows:

1. The state has the burden of proving beyond a reasonable doubt that the defendant did not act in lawful defense of property. If the evidence in this case leaves in your mind a reasonable doubt as to whether the defendant acted in lawful defense of property, then you must find the defendant not guilty.

2. If the defendant reasonably believed that Robert Steele and/or others were attempting to break into defendant's premises and reasonably believed it was necessary to use such physical force as he used in order to prevent such stealing, property damage or tampering, then the defendant acted in lawful defense of property and must be acquitted.

3. If the defendant reasonably believed it was necessary to use the amount of physical force he used in order to prevent the stealing, property damage or tampering by Robert Steele and/or others, it is of no consequence that the appearances turned out to be false. If the defendant acted in lawful defense of property, as submitted in this instruction, he must be acquitted even though there was no stealing, property damage or tampering occurring or being attempted and no purpose on the part of Robert Steele and/or others to steal, damage property or tamper, and no actual necessity to use such physical force as the defendant used.

As noted above, the theory of defendant's case was that he discharged his gun at the door to scare off intruders. When defendant fired two shots at the door knowing that someone was on the other side, he should have realized that he was creating a substantial risk of causing, at the least, serious physical injury. Thus, the issue injected into this case was the lawful use of *deadly force* and not the lawful use of mere *physical force*. The trial court was not required to give and properly refused a defense of premises instruction.

Additionally, defendant requested a self-defense instruction, patterned on MAI–CR2d 2.41.1, and a defense of others instruction, based on MAI–CR2d 2.41.2, both of which were given to the jury. These two instructions set forth the defense of the lawful use of deadly force, which was the linchpin of defendant's case.[4] Defendant's fourth point is denied.

The judgment of the trial court is affirmed.

KELLY and PUDLOWSKI, JJ., concur.

William J. Shaw, Public Defender, Robert J. Maurer, Mary E. Dockery, Clayton, for appellant.

Carrie Diane Francke, Asst. Atty. Gen., Jefferson City, for respondent.

---

4. We express no opinion as to whether defendant was entitled to a self-defense instruction and a defense of others instruction under the facts of this case.