### STATE of Missouri, Plaintiff-Respondent,

v.

### Charles GOODSON, Defendant-Appellant.

### No. 50467.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 30, 1986.

Rick L. Nelson, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SATZ, Judge.

Defendant, Charles Goodson, was convicted by a jury of carrying a concealed weapon, § 571.030, RSMo Supp.1983, and was sentenced, as a prior and persistent offender, to ten years imprisonment. Defendant appeals. We affirm.

On the night of August 15, 1983, defendant went to the home of his girlfriend, Terry Ivy, and asked to borrow her car for an appointment the next day. Defendant took the car and switched the license plates with those of his brother's car. Defendant then met another brother and went out for drinks. Defendant left the bar about 3:00 a.m. and proceeded to a fast food restaurant before heading back towards Ivy's house.

At approximately 3:40 a.m, Officer William Davidson observed defendant run a red light. He proceeded to stop defendant's car. Defendant got out of the car and headed back towards the police car. As Officer Davidson got out of his car to meet defendant, he noticed an unusual bulge in the waistband area of defendant's pants. After ordering defendant to lean against the trunk of the car, he immediately reached for the bulge and pulled out a fully loaded .32 caliber revolver. He then handcuffed defendant and radioed for assistance. When other police officers arrived, Officer Davidson searched defendant's vehicle. He found nothing.

Defendant testified Officer Davidson found the revolver under the front seat of the car. Defendant claimed he never knew about the gun until Officer Davidson discovered it. Terry Ivy, defendant's girlfriend, testified she never told defendant about the gun. She also testified she placed the gun under the seat of the car on August 15, 1983 and had previously pled guilty to the crime of concealing that weapon.

Defendant makes three basic arguments on appeal, all of which center on relevancy. In each argument, defendant complains the trial court improperly rejected evidence defendant deems relevant. The determination of the relevancy of evidence is a matter within the discretion of the trial judge. *See, e.g., State v. Proctor,* 546 S.W.2d 544, 545 (Mo.App.1977). From our review of the record, we find the trial court did not abuse its discretion.

During defendant's direct testimony, his counsel asked him: "Prior to [the date of this arrest], how often would police officers stop you in the Eighth District." The court sustained the state's objection that it is irrelevant "whether or not *other officers* would stop [defendant]." (emphasis added) In his offer of proof, defense counsel said he would show defendant was stopped "some three or four times every week by police officers in the Eighth District for a period of, say, two years prior to this [arrest]." This evidence was relevant, defense counsel argued, to show defendant would not knowingly carry a gun in that district. The court again sustained the objection.

On appeal, defendant's argument concerning this rejected testimony is neither clear nor explicit. Apparently, defendant's argument is now two-fold. First, defendant repeats his argument that his testimony about repeated police stops would show he would not knowingly carry a gun. Second, he now also conte·.ds the rejection of this testimony "prevented the defense from establishing a motive for Officer Davidson's fabrication of where he found the gun."

As to defendant's first contention, it is arguable that prior police stops may tend to show defendant would not knowingly carry a gun because of the increased chance of getting caught. But, at best, this logic is tenuous, and the probative value of the testimony far less than compelling. The weakness of defendant's logic is demonstrated by the fact the alleged police stops did not prevent him from committing the much more obvious, but less serious, crime of switching license plates on the car he was driving at the time of the arrest here. On review, we cannot find the trial court abused its discretion in rejecting this testimony.

Defendant's second and new contention is not properly before us. The point was not raised during trial nor in defendant's motion for new trial, and defendant cannot raise a new ground on appeal. *See, e.g., State v. Pride,* 567 S.W.2d 426, 433–34 (Mo.App.1978). Moreover, this argument of defendant's is misdirected and, thus, misses the mark. The fact other officers may have continually stopped defendant does not tend to show Officer Davidson was biased against defendant and, for that reason, fabricated his testimony. Quite simply, the generality here does not prove the specific.

Defendant also contends the court improperly precluded Terry Ivy from testifying why she put the gun in her car. We disagree.

The relevancy of this testimony would be minimal at best. Ivy had already testified she put the gun in the car and had not told defendant about it. She also testified she pled guilty for having the same loaded gun under the seat of her car on August 15. Obviously, the trial court did not completely preclude Ivy from testifying about the gun. What she had already testified to was more than sufficient to support defendant's defense that he did not know about or find the gun in Ivy's car. *See State v. Proctor,* 546 S.W.2d at 545.

Finally, defendant contends the trial court improperly precluded him from testifying whether he knew the penalty for carrying a concealed weapon. This testimony was relevant, defendant argues, to show defendant knew the penalty and, therefore, would not knowingly carry a concealed weapon. On the present record, this argument borders on the frivolous.

Defendant, voluntarily and without objection, did testify: "I know it's illegal [to carry a gun]. I know what happens if I get caught with a gun." He also testified to more than six prior convictions, one of which was exhibiting a deadly weapon. To say the least, the jury would probably infer defendant had some idea of the penalty for carrying a concealed weapon.

Judgment affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.