STATE of Missouri, Respondent,

v.

Kevin KING, Appellant.

No. 51034.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 18, 1986.

Motion for Rehearing and/or Transfer
Denied Dec. 29, 1986.

Application to Transfer Denied
Feb. 17, 1987.

Deborah Lambdin Stockhausen, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Chief Judge.

Kevin King appeals from a trial court judgment sentencing him as a prior and persistent offender to thirteen years imprisonment following his conviction by a jury of assault second degree in violation of § 565.060 RSMo.Cum.Supp.1984. The judgment is affirmed.

Appellant relies on two points. He contends the trial court erred in denying his motion for judgment of acquittal and in admitting evidence of his prior arrests.

In appellant's first point he questions the submissibility of the state's case. He argues the trial court erred in denying his motion for judgment of acquittal because the evidence failed to prove appellant had the mental state necessary for a finding that he recklessly caused serious physical injury to the victim.

On December 6, 1984, following a report of suspected child abuse concerning a three-year old, a police officer went to Children's Hospital in the City of St. Louis, where he spoke with appellant, who told the officer that he had been babysitting for the child earlier that evening, and, upon hearing the child crying in the kitchen, discovered the child had been burned by having pulled an electric skillet full of hot water from a table onto himself. The child is the son of appellant's girlfriend, who at the time of child's injury was working as a barmaid.

The following morning, appellant spoke with two other police officers at the hospital and related substantially the same version of the preceding night's events.

About a week later, appellant was questioned by another police officer. Initially, he repeated the story he had told earlier to

the other police officers. When told that the child could not have been burned that way, appellant acknowledged the falsity of his first story. He admitted that he had put the child into the bathtub which contained too much hot water. Appellant had left the bathroom, but returned upon hearing the child crying and discovered the child had been burned. He took the child out of the tub, drained the hot water, and applied cold towels as compresses.

Appellant gave the officers the following written statement: "I, Kevin King, want to make the following statement—That J____ had messed on himself and I was getting him ready for a bath and ran too much hot water in the tub, and when I put the boy in the tub he got burnt."

Appellant testified on direct examination that he had been smoking a "charmer stick", a cigarette laced with the drug P.C.P., while attending to both the child who was burned as well as the three-month old brother of the burn victim, for whom he was also babysitting.

After the child was burned, appellant dialed 911 for emergency assistance. An ambulance then came for the child and took him to Children's Hospital.

A physician testified that the child was admitted to the hospital and remained there for slightly longer than two months after suffering third degree burns. The child also had circumferential burns on his left foot, buttock, thigh, and back. He had no burns on his hands.

The physician expressed his opinion that the child's burns resulted from an immersion injury which occurred when the child was placed in a hot liquid. The doctor believed the child had not fallen into the water because of the absence of burns to the hands. He added that a natural reaction of a child of similar development as the victim would have been to put both hands down with the fall.

The doctor concluded that he believed the toddler had been forced into a sitting position and did not fall into the water because the burns were consistent with those of a struggling child. He further testified that

the child underwent split thickness skin grafts to his right foot, lower extremities, and lower leg.

In testing the sufficiency of the evidence, facts and appropriate inferences must be assessed in the light most favorable to the state, disregarding all adverse inferences and evidence. *State v. Moseley*, 705 S.W.2d 613, 616 [8] (Mo.App.1986). Review by this court is limited to whether there is sufficient evidence from which reasonable persons could have found defendant guilty. *Id.* [9].

■ Viewed in this light the State presented a submissible case of assault in the second degree. The essential elements of assault in the second degree are the following: 1) recklessly 2) causing serious physical injury to another person. Section 565.060.1(3) RSMo.Cum.Supp.1984. A person "acts recklessly" or is reckless when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. § 562.016(4) RSMo.1978.

The jury could reasonably infer from appellant's actions that he acted "recklessly" because he disregarded the substantial risk of injury when he placed the toddler in the tub of hot water and that his disregard constituted a gross deviation from the standard of care of a reasonable person in a similar situation. Appellant's actions constituted assault in the second degree; therefore, the trial court properly denied the appellant's motion for judgment of acquittal.

■ In appellant's second point he claims plain error, no objection having been made at trial, where evidence of appellant's prior arrests were admitted during the presentation of the state's case. The reference was totally uninvited and not pursued by the state. Further, appellant himself testified to his prior arrests when he took the stand in his own defense.

There was no manifest injustice or miscarriage of justice. An extended discussion would have no precedential value. The point is denied.

The judgment is affirmed.

GAERTNER, P.J., and SMITH, J., concur.