STATE of Missouri, Plaintiff–
Respondent,

v.

Terrill FARMER, Defendant–Appellant.

No. 21832.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 28, 1998.

S. Paige Canfield, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for Respondent.

PARRISH, Judge.

Terrill Farmer (defendant) was convicted, following a jury trial, of the class B felony of selling rock cocaine, a controlled substance. § 195.211, RSMo 1994. He appeals contending the trial court committed plain error during the course of his trial by requesting that a witness for the state be questioned further. This court affirms.

M.B. was a confidential informant for the Kennett, Missouri, Police Department. A

police department detective, Larry Shown, placed a tape recorder on M. B.'s person and provided him with five $20 bills for use in purchasing rock cocaine. M.B. purchased "six rocks" of rock cocaine from defendant in exchange for the five $20 bills. The transaction was recorded by the tape recorder. At trial, during the course of M. B.'s testimony, the tape recording was admitted in evidence and played to the jury. The jury members were provided copies of a transcript of the recording.

M.B. explained the transaction before the tape recording was played. After the recording was played, the prosecuting attorney asked M.B. questions about the number of cases with which M.B. had assisted the Kennett Police Department. He was asked if he was paid money or given anything in exchange for assisting them. M.B. answered that he had received nothing for the assistance he provided. The prosecuting attorney announced that he had no more questions for M. B.

The trial judge requested, "Before you stop Direct Examination, would you ask him a couple of questions about the tape. Obviously the witness was seated on the stand while the State played the audio recording for the jury just to clear up——."

The prosecuting attorney asked additional questions. He asked if M.B. had listened to the tape and if the transcript of the tape recording indicated who the speakers were. M.B. answered, "Yes, sir." M.B. testified, in response to questions by the prosecuting attorney, that he had read the transcript and it and the tape recording were accurate. He explained that "a couple of spots" on the tape recording were "kind of hard to make out"; that those spots were identified on the transcript with asterisks. M.B. testified that he observed one error. He said the transcript stated that he said "something bad," but what he actually said was "something fat."

M.B. was asked if the tape recording accurately reflected the conversation as he recalled it; if anything had been left out or added. He answered that it was accurate; that nothing had been left out or added.

■ Defendant contends the trial judge erred "when he interjected himself into the proceedings and told the state to ask more questions"; that the trial judge's conduct "improperly aided the State." He contends he did not receive a fair trial presided over by an impartial judge.

■ No objection was made to the remarks at trial. To preserve a claim of error directed to remarks of a trial judge, an objection must be made when they occur. *State v. Hudson*, 950 S.W.2d 543, 547 (Mo.App.1997). Since this was not done, if there was error the claim is waived unless the conduct was erroneous and amounted to conduct that affected defendant's substantial rights so as to result in manifest injustice or miscarriage of justice. *Id.* at 547–48; *see* Rule 30.20.

■ A trial court may, in its discretion, interrogate witnesses. *State v. Cain*, 485 S.W.2d 60, 62 (Mo.1972). It may put additional questions to witnesses to attempt to elicit the truth more fully. *Id.; State v. James*, 321 S.W.2d 698, 704 (Mo.1959). A trial court may ask questions to clarify a witness's testimony. *State v. Moseley*, 705 S.W.2d 613, 616 (Mo.App.1986). This authority is tempered with the requirement that a trial judge's comments not indicate his or her opinion of the merits of the case or of the evidence. *Id.; State v. Eddy*, 564 S.W.2d 938, 940 (Mo.App.1978). This court perceives no difference in a trial judge interrogating a witness or requesting trial counsel to inquire of a witness concerning relevant testimony.

Here, the trial judge invited the prosecuting attorney to seek clarification of evidence the jury heard. The trial judge did not express an opinion of the evidence or comment on the defendant's guilt or innocence. The judge's comments reflected no bias. There was no miscarriage of justice. Neither the trial judge's comments nor the questions asked after the trial judge suggested further inquiry inflicted manifest injustice on defendant. There was no error, plain or otherwise. The judgment is affirmed.

PREWITT, P.J., and CROW, J., concur.