STATE of Missouri, Respondent,

v.

Ernest Zep ROBINSON, Appellant.

No. 40358.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 2, 1979.

Nancy H. Grove, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Steven D. Steinhilber, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

A jury convicted defendant of burglary in the second degree. Punishment was assessed at ten years imprisonment under the Second Offender Act.

We reverse and remand for a new trial.

At the time of the burglary in November, 1976, William Poston was branch manager of the Department of Revenue office which defendant allegedly burglarized. During direct examination, Poston was asked approximately how much money was taken during the commission of the burglary. Over defendant's objection that Poston had no personal knowledge of the matter, Poston responded that approximately $27,000.00 was taken. During cross-examination, Poston testified that he did not personally conduct an audit or make a computation prior to arriving at the $27,000.00 figure; he was told that sum by other people. After Poston gave such testimony, defendant moved for a mistrial and requested that the witness's earlier testimony concerning

the amount of money missing be stricken from the record. The court overruled the mistrial motion but reserved its ruling on the motion to strike.

Thereafter, Poston reiterated that he had not made any personal inventory of the loss. His testimony that $27,000.00 was taken was based upon tapes prepared by independent auditors during the course of their official audit and viewed by Poston as manager. Poston was aware, in general terms, of the amount of money maintained overnight, but the $27,000.00 figure came from his examination of the tapes that were compiled by independent auditors. The court then overruled the defendant's renewed motion for mistrial and motion to strike the earlier testimony, indicating that the court was relying upon the business records exception to the hearsay rule. However, the tapes were never offered into evidence as business records under Section 490.680, RSMo. 1978. No foundation was laid for the admittance of such tapes into evidence as business records.

We believe Poston's testimony, $27,000.00 was taken, is inadmissible hearsay. *State v. Dixon*, 420 S.W.2d 267 (Mo. 1967). However, though subject to exclusion upon proper objection, the admission of hearsay which does not have a decisive effect on the jury or result in a miscarriage of justice is not prejudicial error. *State v. Montgomery*, 571 S.W.2d 784, 788 (Mo.App. 1978); *State v. Mills*, 521 S.W.2d 495, 497 (Mo.App.1975).

Defendant was charged with burglary in the second degree. Such offense does not necessitate proof of the value of property taken during the course of its commission. It is an established rule that the property within the burglarized premises need not be of any particular value so long as it has some value. *State v. Stead*, 473 S.W.2d 714, 715 (Mo.1971).

Evidence which tends to draw the attention of the jury away from the issue it was called upon to resolve should be excluded. *State v. Proctor*, 546 S.W.2d 544, 545 (Mo.App.1977). At the time the hearsay

testimony was offered, there was evidence before the jury that a sum of money had been taken. We cannot say that the admission of inadmissible hearsay to prove a theft in the amount of $27,000.00 was not prejudical as tending to draw the attention of the jury away from the factual issues before it and to emphasize the theft of a large sum of money.

In *State v. Dixon, supra*, the defendant, charged with burglary second degree and stealing, was granted a new trial because the trial court failed to strike a witness's testimony that $21.00 in change and two bottles of whiskey were missing from his store. His knowledge of the amount of the money stolen was based upon information conveyed to him by a notation made by the night man at closing time and left with the cash register. No business practice was established as to a standard amount customarily left in the register. His testimony as to the missing whiskey was based upon the fact that the night man had told him the shelves were refilled and a notation indicated two bottles were replaced. The appellate court held the testimony was not based upon personal knowledge and its admission constituted reversible error upon *both* the burglary and stealing convictions.

We cannot conclude the erroneous admission of the hearsay testimony in the instant case was not a decisive factor in the jury's verdict. The admission lacks any saving quality such as the use of the hearsay statement to impeach or as mere corroboration. Absent such saving quality, the admission is reversible error. *State v. Favell*, 536 S.W.2d 47, 51 (Mo.App.1976).

Having found reason to reverse, we do not deem it expedient to answer defendant's other point relied on.

The judgment is reversed and remanded for new trial.

REINHARD, P. J., and GUNN, J., concur.