**STATE of Missouri, Respondent,**

v.

**Dennis BALL, Appellant.**

**No. 44048.**

Missouri Court of Appeals,
Eastern District.
Division Three.

Jan. 26, 1982.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for appellant.

Kevin C. Curran, St. Louis, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Dennis Ball guilty of first degree robbery of William Brown. The jury set punishment at ten years in prison and the court rendered that judgment.

On appeal defendant claims error in allowing the prosecutor's conclusory voir dire statement the victim was robbed; also error in denying defense objection to a policeman's statement that a few days before in the same area another policeman had been shot and killed. We affirm.

Defendant does not challenge the evidentiary sufficiency; it supports the verdict. In sum victim Brown testified defendant accosted him on the street and robbed him at gunpoint; police testified they saw this and pursued and shot the fleeing defendant.

As to the voir dire: By its Instruction 1.02 MAI–CR the court had told prospective jurors the state had charged defendant with robbing William Brown.

■ Defendant claims error in the court's refusal to quash the jury panel on voir dire. This because in describing the case preparatory to individual voir dire questions the prosecutor told who the state's witnesses would be; he named victim William Brown as "the individual who was robbed".

At this point defense counsel both objected and moved to strike the panel on the ground the quoted words stated a conclusion within the jury's prerogative. The trial court overruled the objection and denied a mistrial. After naming the other prospective witnesses the prosecutor then questioned each of the prospective jurors.

Defendant cites no case holding such a voir dire statement is erroneous. *State v. Watson*, 595 S.W.2d 754[2, 3] (Mo.App.1980) holds challenges to a voir dire examination are not subject to rigid rules and the trial court has a broad discretion in its ruling. See also *State v. Scott*, 515 S.W.2d 524[1] (Mo.1974).

We find defendant was not prejudiced by the quoted remark and the trial court did not err in denying his complaint.

■ By his second point defendant claims the court erred in denying relief concerning police testimony that another policeman had been shot a few days before in the same area.

This came up in direct testimony by the arresting officer when he was asked about the time and place he observed the charged robbery. The prosecutor then asked his reason for being in that area; the officer explained: "We had a police shooting a few days before where an officer was killed." Defense counsel objected to this as irrelevant; the court overruled the objection. The prosecutor promptly asked if the previous shooting had anything to do with defendant; the officer said "No".

Defendant now relies on *State v. Wood*, 596 S.W.2d 394[14] (Mo.1980) barring evidence of other unrelated crimes, also citing *State v. Robinson*, 588 S.W.2d 247[4] (Mo. App.1979).

Standing alone the officer's initial answer about an earlier crime in the area was irrelevant and could have been prejudicial; however the sting was promptly removed by the officer explaining defendant had nothing to do with the previous crime.

"A defendant claiming error in the reception of evidence has the burden of showing both error and prejudice." *State v. Vernor*,

522 S.W.2d 312[1–4] (Mo.App.1975). He must show the challenged evidence was so unduly inflammatory it tended to cause the jury to reach its verdict on an improper basis. *State v. Johnson*, 539 S.W.2d 493[36, 37] (Mo.App.1976). On a motion for new trial the trial court in its discretion weighs the prejudicial effect of challenged evidence, and we may reverse only if we find that discretion has been abused.

Considering the officer's dual answer and explanation we hold there was no prejudicial error in overruling defendant's objection to the challenged testimony.

Judgment affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.