**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Robert GIRARDIER,
Defendant–Appellant.**

**No. 58100.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 15, 1991.

Marcie W. Bower, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Elizabeth L. Ziegler, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant, Robert Girardier, was convicted by jury of stealing $150 or more, § 570.030 RSMo 1986. The trial court sentenced defendant as a prior offender under §§ 557.036 and 558.016 RSMo 1986 to three years imprisonment. On appeal defendant claims the trial court erred in overruling: (1) his objections to prosecutor's inquiry of victim regarding statements made by defendant after his preliminary hearing; and (2) his motion for new trial because the prosecutor's closing argument deprived defendant of his rights to due process and a fair trial. Specifically, defendant alleges the prosecution during closing: (a) argued

matters to the jury which were not in evidence; (b) degraded defense counsel; and (c) argued defendant "had presented no defense and misstated the law." We affirm.

The facts in the light most favorable to the verdict are as follows. On December 19, 1987, Ms. Vasquez, the victim, was driving to a Christmas party. During a conversation at a stoplight, she invited defendant and Dennis Lampe to a party which was located at a bar. Around midnight the three left the party together and proceeded to Ms. Vasquez's apartment to continue the celebration. While Ms. Vasquez was in the bathroom and kitchen, defendant and Lampe pocketed cash and jewelry which was located in her bedroom and living room. Lampe told Ms. Vasquez he was leaving to get more liquor. Lampe and defendant left together. Thereupon, Ms. Vasquez discovered the items were missing.

Lampe entered a guilty plea in October 1988 to stealing and agreed to pay $1,275 in restitution to Ms. Vasquez. Lampe testified for the state. His testimony was sufficient to support a guilty verdict.

■ Defendant's first point of error contends the trial court abused its discretion when it allowed Ms. Vasquez to testify about abusive statements made by defendant to Ms. Vasquez after defendant's preliminary hearing. Defendant contends the alleged statements were not relevant to the issues at trial and were elicited to establish defendant's bad character and to divert the jury's attention away from the issues before it. Therefore, defendant concludes the admission of this testimony into evidence denied defendant his rights to due process and a fair trial. The complained of testimony is set forth below:

PROSECUTOR: Did you see Mr. Girardier after the hearing?
A. Yes, sir.

* * * * * *

Q. What happened?

DEFENSE COUNSEL: Your Honor, I object. This is *irrelevant*. (Our emphasis).

* * * * * *

THE COURT: What is she going to testify to?

* * * * * *

PROSECUTOR: To harassment and evidence of threats and subsequent threats by the defendant. It shows a consciousness of guilt.... He was harassing her because of her testimony and telling her, you know, using foul language and so forth. I think it's quite relevant to show the consciousness of guilt. I know it's admissible for that purpose.
DEFENSE COUNSEL: Your Honor, I object. It's inadmissible.

* * * * * *

THE COURT: ... The objection is overruled. There is an exception to it.
PROSECUTOR: ... Okay, Mary, you were saying after you left the preliminary hearing, [defendant's] preliminary hearing in August of 88, what happened?
A. (By the Witness) He followed me.
Q. From where to where?
A. From outside the courtroom to the exit of the building.

* * * * * *

Q. What did he say? Do you remember?
A. ... He called me a slut and a fat whore, and you know, he was verbally abusive to me. I had somebody with me, another lady.

* * * * * *

A. It took place from the hallway down the escalator until I exited the building.

* * * * * *

A. He didn't follow me outside the building. He followed me until I walked out the door.

* * * * * *

Q. But did he go out with you?
A. No; he didn't go out of the building with me.

We review the admission of evidence for prejudicial error, reversing only when the error is prejudicial such that defendant is deprived of a fair trial. *State v. Whitley*, 750 S.W.2d 728, 730 (Mo.App. 1988). Admission of irrelevant testimony may be considered as harmless error when strong evidence of defendant's guilt exists. *Id.* Before evidence can be excluded on the ground it is irrelevant, it is essential that it appear so beyond doubt. *State v. O'Neal*, 718 S.W.2d 498, 503 (Mo. banc 1986) *cert. denied* 480 U.S. 926, 107 S.Ct. 1388, 94 L.Ed.2d 702 (1987).

Defendant relies upon *State v. Robinson*, 588 S.W.2d 247 (Mo.App.1979). In *Robinson* the court reversed and remanded the cause for a new trial because it could not conclude the erroneous admission of the hearsay testimony that $27,000 was taken was not a decisive factor in the jury's verdict. *Id.* at 248. However, the erroneous admission of hearsay which does not have a decisive effect on the jury or result in a miscarriage of justice is not prejudicial error. *Id.* The objection in the present case was relevance, not hearsay. However, the standard is the same.

The state contends the statements were admissible because they are evidence of harassment or abuse by the defendant against an adverse witness demonstrating defendant's consciousness of guilt. The general rule is that a statement made by a defendant must be construed in light of the surrounding circumstances in determining whether it is incriminating or an admission. *State v. Spica*, 389 S.W.2d 35, 53 (Mo.1965) *cert. denied* 383 U.S. 972, 86 S.Ct. 1277, 16 L.Ed.2d 312 (1966). Any statement indicating a consciousness of guilt is admissible. *Id.* Threats made by a defendant against an adverse witness are probative of guilt of the crime charged. *State v. Newbold*, 731 S.W.2d 373, 388 (Mo.App.1987).

We decline to speculate as to defendant's underlying motive for his statements. The words themselves are not extrinsically threatening. They were spoken as defendant followed Ms. Vasquez down the courthouse hallway. He did not follow her outside the courthouse. Ms. Vasquez did not state during her testimony that she felt threatened by the profanity, at most she testified that the incident was unpleasant. In addition, the statements are not clearly recognition of guilt. They do not clearly establish consciousness of guilt.

However, even if irrelevant we find no prejudice to defendant. There was strong evidence of defendant's guilt by the testimony of Lampe. Ms. Vasquez testified defendant accompanied her home after the Christmas party. She testified her jewelry and money were present in her apartment when defendant entered it but were absent after defendant left. Lampe testified he saw defendant go through Ms. Vasquez's purse, which was laying on the bedroom floor. Lampe also testified:

> [W]e left [Ms. Vasquez's apartment] and got in the car, and cruised down the road a little bit. I whipped out a few pieces of jewelry and showed Mr. Girardier. I said this is what I got. And he whipped out a few pieces of jewelry and a piece of currency, a $20.00 bill, and said this is what I got.

In view of the strong evidence presented by both the victim and an eye witness who was defendant's friend, any error in allowing the statements attributed to defendant was harmless error. *See State v. McMillin*, 783 S.W.2d 82, 98 (Mo. banc 1990).

Defendant's second point of error contains three subpoints alleging error by prosecutor in closing argument. Defendant has not preserved two of these matters for appellate review. Defendant requests we review unpreserved subpoints as plain error. Alleged errors by prosecutor in closing argument justifies relief under plain error only when the errors are determined to have a decisive effect on the jury. *State v. Wren*, 643 S.W.2d 800, 802 (Mo. 1983). The burden is upon defendant to demonstrate the decisive effect. *Id.*

In subpoint A, defendant alleges the prosecutor argued facts to the jury which were not in evidence. Contrary to defendant's assertion, a careful study of the record indicates the argument was supported by facts in evidence. The prosecu-

tor may argue evidence and the reasonable inferences drawn from the evidence. *State v. Clemmons,* 753 S.W.2d 901, 909 (Mo. banc 1988) *cert. denied* 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1989). We reject this unpreserved subpoint as not error, plain or otherwise.

■ In subpoint B, defendant alleges the prosecutor degraded defense counsel. The complained of argument is:

Now, as I told you, [defense counsel] was going to say something about the possessing, and hold the people to their explanation about who came out of the bedroom when, who had the coat and so forth. If you remember, [defense counsel] didn't even get it right.

Defendant characterizes this argument as a personal assault upon defense counsel. However, read in context the prosecutor was challenging defense counsel's depiction of Lampe's testimony. Here, prosecutor was not attacking defense counsel personally as did the prosecutor in *State v. Hornbeck,* 702 S.W.2d 90 (Mo.App.1985), and *State v. Harris,* 662 S.W.2d 276 (Mo.App. 1983). A careful reading of Lampe's testimony and defense counsel's argument indicates that defense counsel did in fact misconstrue Lampe's testimony. We reject this unpreserved subpoint as not error, plain or otherwise.

■ In subpoint C, defendant alleges the prosecutor repeatedly argued to the jury that defendant had presented no defense and misstated the law. This assignment of error was preserved. The prosecutor argued, "I don't know what the defense is, but evidently that it's only Dennis Lampe." Placing this statement in context of prosecutor's entire argument, it is evident that the prosecutor merely was attempting to anticipate defendant's closing argument. Prosecutor was not arguing that defendant failed to present a defense.

■ The prosecutor misstated the law when he argued:

The evidence, ladies and gentlemen, is overwhelming in this case. At the end of all these comments, I will beseech you to return a verdict of guilty because that's

what [defendant] is. At the beginning of voir dire [defense counsel] asked you now, as he sits here, he is presumed innocent. But *as he sits here now, he is guilty.* (Our emphasis).

DEFENSE COUNSEL: Your Honor, I object. The law is as he sits here right now, he is presumed innocent unless deliberations in the jury room—

THE COURT: The Court has instructed the jury.

The court did not approve the argument. It properly instructed the jury on the presumption of innocence by giving MAI–CR3rd 302.04 instruction. Further, during the second half of the state's closing argument, prosecutor retracted the above statement. A defendant enjoys the presumption of innocence throughout the trial until a verdict has been accepted by the court. Prosecutor admitted the state's burden and argued the state had met its burden. Therefore, the erroneous statement did not shift the burden to defendant to prove his innocence. We find no prejudice.

In summary, defendant did not and cannot sustain his burden to show the complained of errors, either individually or collectively, had a decisive effect on the jury so as to justify relief. We find that neither manifest injustice nor miscarriage of justice has resulted from the alleged plain errors, Rule 30.20, and no prejudicial error where a misstatement of law was retracted and rejected in jury instructions.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.