

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD76558 |
| | ) | |
| TERRILL E. REYNOLDS, | ) | FILED: March 10, 2015 |
| Appellant. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
### THE HONORABLE BYRON L. KINDER, JUDGE

### BEFORE DIVISION FOUR: ALOK AHUJA, CHIEF JUDGE, PRESIDING,
### LISA WHITE HARDWICK, JUDGE AND ROBERT M. CLAYTON, III, SP. JUDGE

Following a jury trial, Terrill Reynolds was convicted of first degree robbery, armed criminal action, and unlawful possession of a firearm. Reynolds appeals, contending the circuit court erred in overruling his hearsay objections and admitting into evidence several screenshots of his cell phone call log. For reasons explained herein, we find no error and affirm Reynolds' convictions.

## FACTUAL AND PROCEDURAL HISTORY[1]

On November 20, 2011, Kevin Dulle was working the overnight shift as a taxi cab driver in Jefferson City when he was dispatched to a McDonald's parking lot to pick up a passenger around 3:00 am. As Dulle arrived, a man and two women approached the cab from across the parking lot. Dulle noticed that one of the women was wearing a pink hoodie. The three entered the back seat of the cab, with the man sitting directly behind the driver's seat. One of the women told Dulle that they were going to the 800 block of East Elm Street. Dulle drove the three to their destination, which took approximately five minutes.

As the cab approached the 800 block of East Elm, Dulle heard "three clicks" from the back seat. He glanced back and saw the two women "bolt out" of the taxi and run away. The man pointed a gun between the two front seats of the cab and demanded Dulle's money bag. Dulle retrieved his money bag from under the driver's seat and gave it to the man. After standing beside the car for a few moments to count the $425 in the bag, the man ran behind the buildings on the 800 block of East Elm.

After the robbery, Dulle drove to his usual parking spot and flagged down a police officer to report the robbery. The officer contacted the cab company and obtained the phone number of the person who had requested the cab. The officer also called the phone number but there was no answer.

---

[1] Reynolds does not challenge the sufficiency of the evidence to support his convictions. On review of a judgment entered on a jury verdict, the appellate court reviews the evidence in the light most favorable to the verdict, disregarding evidence to the contrary. *State v. Brown*, 438 S.W.3d 500, 503 (Mo. App. 2014).

A few hours later, around 6:40 a.m., police were dispatched to a disturbance at Keeyata Taylor's apartment at 808 East Elm Street—the same block where the robbery took place. Taylor told police that two people in the apartment, Chtonia Battile and Terrill Reynolds, had been involved in a robbery and then had argued over the money obtained. Wilford Gatlin, who was also in the apartment, told officers that Reynolds had a black handgun at the time the argument occurred with Battile. Another witness in the apartment described Battile as wearing a pink hoodie.

Taylor gave police officers permission to enter and search the apartment. Officers found wads of money placed in several unusual locations around the apartment, a gun magazine clip located on a closet floor, and a black handgun hidden behind a water heater in another closet. They encountered Reynolds in a bedroom and retrieved a cell phone that was lying on a dresser in that room. Wads of money were also found in the bedroom.

Based on the disturbance and the information obtained at the apartment, the police arrested Reynolds. Dulle later identified Reynolds in a live line-up as the man involved in the robbery. Dulle also identified the black handgun as the one used in the robbery. The officers obtained a search warrant to examine the contents of the cell phone found at the apartment.

The State charged Reynolds with first-degree robbery, armed criminal action, and unlawful possession of a firearm.[2] At the jury trial, the State presented testimony from Keeyata Taylor and Wilford Gatlin, as well as the police officers who investigated the robbery and subsequent disturbance in the 800 block of East Elm Street. As relevant to this appeal, Taylor identified the cell phone as the one Reynolds had with him when he arrived at her apartment early that morning. A police officer further testified that the cell phone had the same number as the one used to call for the taxi prior to the robbery. The officer also testified that he examined the cell phone's contents by scrolling through its menus and then took screenshots[3] while reviewing the call log in front of a video camera.

The State introduced Exhibits 38 and 39, which were screenshots showing the phone's incoming calls and missed calls on the date of the robbery. Reynolds objected to both exhibits, stating, "…they are hearsay. They are not business records that can be certified." The court overruled the objection and admitted the screenshots into evidence. The police officer later testified that the call log showed a telephone call was made to the phone number of Reynolds' sister at 3:27 a.m., shortly after the time of the robbery. The log also showed that the phone received a phone call from the police department on the date of the robbery.

The jury convicted Reynolds on all three counts, and the circuit court sentenced him as a persistent offender to concurrent prison terms totaling twenty

---

[2] Reynolds was also charged with receiving stolen property in violation of section 570.080.4(3)(d), but this charge was later dismissed.

[3] Screenshots are photographs taken of a screen display on a cell phone or other electronic device.

years. Reynolds appeals his convictions, challenging the admission of the cell phone screenshots.

## STANDARD OF REVIEW

A trial court's decision to admit or exclude evidence will be reversed only if the trial court has abused its discretion. *State v. Cady*, 425 S.W.3d 234, 244 (Mo. App. 2014). An abuse of discretion occurs when the ruling is "clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration." *State v. Forrest*, 183 S.W.3d 218, 223 (Mo. banc 2006). Additionally, this court reviews the trial court "for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial." *Id.* (citation omitted).

## ANALYSIS

In his sole point on appeal, Reynolds contends the trial court abused its discretion in overruling his hearsay objection and admitting Exhibits 38 and 39, which were screenshots of the call logs from his cell phone. Reynolds also contends the court erred in admitting the screenshots because the State "lacked sufficient foundation" to show that Reynolds owned the cell phone. However, because Reynolds failed to object to Exhibits 38 and 39 on foundational grounds at trial, the latter argument is waived for purposes of appeal.[4] *State v. Honsinger*,

---

[4] The record indicates that Reynolds' trial counsel objected to the admission of certain text messages on the foundational ground that Reynolds' ownership of the cell phone had not been established. At oral argument, counsel acknowledged that no such objection was made to the screenshots (Exhibits 38 and 39) and, at that time, requested plain error review pursuant to Rule 30.20. We decline our discretion to grant such review because, as explained *infra,* no prejudice resulted from the admission of the screenshots and thus, necessarily, no manifest injustice.

5

386 S.W.3d 827, 829 (Mo. App. 2012). We will only address the argument that was preserved by Reynolds' objection that the screenshots were inadmissible hearsay because they did not qualify as business records.

Hearsay is defined as "any out-of-court statement that is used to prove the truth of the matter asserted and that depends on the veracity of the statement for its value." *State v. Sutherland*, 939 S.W.2d 373, 376 (Mo. banc 1997). In general, hearsay is inadmissible unless it falls within a recognized exception. *State v. Tindle*, 395 S.W.3d 56, 63 (Mo. App. 2013).

Reynolds relies on *State v. Courtney*, 258 S.W.3d 117 (Mo. App. 2008) to support his contention that the call logs are inadmissible hearsay. However, *Courtney* involved an officer's *testimony* about call logs given to him by a third party. *Id.* at 120. Reynolds' reliance on *Courtney* is misplaced because the actual call logs were not admitted into evidence in that case. Here, the officer's testimony was based on his own personal examination of Reynolds' cell phone, and the actual call logs from the phone were admitted into evidence as screenshots.

This case is more akin to *State v. Dunn*, 7 S.W.3d 427 (Mo. App. 1999), which involved the use of records generated by a computer without the aid of human input. In *Dunn*, the defendant made a hearsay objection to computer-generated telephone billing records, which established that certain calls were made from the victim's phone number. *Id.* at 430–31. Rejecting the defendant's argument, our court held that computer-recorded data documenting a phone call should not be treated as hearsay because it is not the statement of a human

6

declarant. *Id.* at 432. Rather, the admissibility of the electronic data "should be determined on the basis of the reliability and accuracy of the process" used to create and obtain the data. *Id.* The court concluded that the recorded data in *Dunn* was "uniquely reliable in that [it was] computer-generated rather than the result of human entries." *Id.*

Likewise, in this case, the call logs obtained from Reynolds' cell phone are not hearsay because they were not statements made by a human declarant. The call logs were generated by the phone itself as a result of incoming and outgoing calls. The police officer who examined the phone testified extensively about the process he used to obtain the screenshots of the call logs. He noted that the call log showed the phone had a missed call from the police department on the date of the robbery. This missed call was consistent with testimony that an officer had called the phone number provided by the taxi company prior to Reynolds' arrest. The officer's testimony helped to establish the reliability of the logs by confirming that the data was created by the computerized operation of the phone and not by human entries. The officer also verified that the phone was accurately reporting the date and time. Accordingly, the circuit court did not err in overruling the hearsay objection and admitting Exhibits 38 and 39 into evidence.

We further note, *ex gratia,* that even if the circuit court erred in admitting the evidence, there was no prejudice to warrant reversal. "In criminal cases involving the improper admission of evidence, the test for prejudice 'is whether the improper admission was outcome-determinative.' " *State v. Berwald*, 186 S.W.3d

7

349, 362 (Mo. App. 2005) (citation omitted).  In other words, the question is whether the jury would have acquitted but for the erroneously admitted evidence. *State v. Black*, 50 S.W.3d 778, 786 (Mo. banc 2001).

In this case, the State's use of the call logs was only a minor part of the evidence tying Reynolds to the robbery.  Dulle twice identified Reynolds—in the live line-up and at trial—as the man who robbed him in the cab.  Two witnesses testified that they heard Reynolds admit that he had just robbed a cab driver after he had entered Taylor's apartment.  These witnesses also testified that throughout the night, they saw Reynolds holding the handgun that was used in the robbery.  Furthermore, Taylor said that she saw Reynolds using the phone that police found in the apartment, which was shown by the cab company's records to be the same phone used to request the cab that night.  Reynolds ownership of the phone was also established by an officer's testimony that Reynolds requested to see the phone, during police questioning, so that he could retrieve the phone numbers of his mother and sister.  Even without the call logs, the evidence was more than sufficient to support the jury's finding that Reynolds' was guilty beyond a reasonable doubt.  The point on appeal is denied.

## CONCLUSION

We affirm the circuit court's judgment.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

8