

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED112197 |
| | ) | Consolidated with: Nos. ED112198 and |
| | ) | ED112199 |
| | ) | |
| Respondent, | ) | Appeals from the Circuit Court |
| | ) | of Warren County |
| v. | ) | 20BB-CR00516-01, 20BB-CR00623-01, and |
| | ) | 20BB-CR01170-01 |
| | ) | |
| GERALD NYTES, | ) | Honorable Nathan A. Carroz |
| | ) | |
| Appellant. | ) | Filed: April 15, 2025 |

### Introduction

Appellant, Gerald Nytes, appeals his convictions of three counts of violation of a full order of protection, class A misdemeanors. We grant Point I and reverse the judgment entered in the Letter case. We do not address Point II. We affirm Points III, IV, V, and VI.

### Factual and Procedural Background

Appellant and S.L. (Victim) were married for approximately eight years before their separation. In 2019, Victim filed for an order of protection against Appellant, wherein she sought to have the circuit court restrain Appellant from communicating with her through any means. Following a hearing on Victim's petition, the circuit court entered a full order of protection against Appellant on July 31, 2019.

After entry of the full order of protection, Appellant was charged in three separate informations with violation of the order of protection. The information in Cause No. 20BB-CR01170-01 alleged that Appellant mailed a letter to Victim, which Victim received on August 13, 2020 ("the Letter case"). The other two informations in Cause Nos. 20BB-CR00516-01 and 20BB-CR00623-01 alleged that Appellant called Victim multiple times in January and March of 2020, while Appellant was incarcerated at the Warren County jail ("the Phone Call cases"). The jail's call logs from that time period were admitted at trial after the investigating police officer testified about how he obtained the call logs.

On September 20, 2023, Appellant was tried and found guilty in three separate bench trials for one count of violation of full order of protection in each case. The court sentenced Appellant to 180 days of incarceration on each count and ordered each sentence to run concurrently, but suspended execution of the sentences and placed Appellant on two years of probation. This appeal follows.

**Discussion**

In Point I, Appellant posits that the circuit court erred in finding Appellant guilty of violating a full order of protection related to one of the charges because there was insufficient evidence to show that the order of protection was still in effect at the time of the alleged communication. In Points II, III, and IV, Appellant argues that there was insufficient evidence that he had legal or actual notice of the full order of protection prior to the time of the alleged violations. In Points V and VI, Appellant alleges that the circuit court erred in admitting the call logs into evidence because the call logs were inadmissible hearsay. We grant Point I, do not address Point II, and deny Points III, IV, V, and VI. The judgment of conviction and sentence in the Letter case is reversed. The judgments of conviction and sentence in the Phone call cases are affirmed.

**Point I: Expiration of Full Order of Protection**

In Point I, Appellant argues that the circuit court erred in finding Appellant guilty in the Letter case because the State failed to prove beyond a reasonable doubt that Appellant violated the full order of protection. Appellant contends that there was insufficient evidence from which a reasonable factfinder could have found beyond a reasonable doubt that a full order of protection was in effect on the day of the alleged communication. The conduct that the State alleged violated the full order of protection occurred on August 13, 2020.

"When reviewing a claim challenging the sufficiency of the evidence, this Court must make a *de novo* determination whether the evidence is sufficient to permit a reasonable fact-finder to find the necessary facts beyond a reasonable doubt." *State v. Nowicki*, 682 S.W.3d 410, 414 (Mo. banc 2024). Upon review, "appellate courts do not weigh the evidence but accept as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict and ignore all contrary evidence and inferences." *State v. Wooden*, 388 S.W.3d 522, 527 (Mo. banc 2013). "In determining whether the evidence was sufficient to support a conviction, this Court asks only whether there was sufficient evidence from which the trier of fact reasonably could have found the defendant guilty." *State v. Latall*, 271 S.W.3d 561, 566 (Mo. banc 2008). "[T]his Court cannot provide missing evidence or give the State the benefit of speculative, unreasonable, or forced inferences." *State v. Burton*, 320 S.W.3d 170, 174 (Mo. E.D. App. 2010). Furthermore, "the State has the burden of proving each and every element of the charged offense beyond a reasonable doubt." *Id*. The same standard applies to judge-tried and jury-tried cases. *Latall*, 271 S.W.3d at 566.

Implicit in Section 455.085(8)'s definition of a violation of the terms and conditions of a full order of protection is a requirement that such an order exists and is in effect at the time of the

complained of conduct.[1] *See e.g.*, *State v. Kalk*, 299 S.W.3d 43, 46-47 (Mo. App. E.D. 2009). On the first and last page of the full order of protection entered on July 31, 2019, the circuit court ordered that the terms of the order of protection shall be effective until July 30, 2020, unless sooner terminated or extended by the court. Contained within the document is a check box that would allow the full order to automatically renew after one year, with a blank space to write in the expiration date. This check box was left blank and a different expiration date was not provided. The Case.net entry the State entered into evidence states that the full order of protection would renew after the July 30, 2020, expiration date for one additional year, resulting in a final expiration date of July 29, 2021. The Case.net exhibit suggests an end date that is in direct contradiction to the full order of protection judgment.

In determining which expiration date has the force of law, we look to Rule 74.01[2] concerning final judgments. That rule states:

> A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document. The separate document shall be the judgment when entered.

Rule 74.01(a). The full order of protection was signed by the judge and denominated "judgment" in the title and throughout the order. A docket entry may only be a judgment if it complies with the requirements of Rule 74.01(a) and there is not a separate document denominated as "judgment." The docket entry in this case cannot supersede the full order of protection under Rule 74.01(a) because the "separate document shall be the judgment when entered." Respondent concedes that the docket entry was not a court order, but argues that the docket entry was

---

[1] All statutory references are to RSMo (2020).
[2] All rule references are to Missouri Supreme Court Rules (2023).

4

"submitted to clarify a court order." However, Respondent does not cite to any rule of law that allows docket entries to supersede, contradict, or clarify the terms of a judgment of the court. Because the full order of protection judgment, which was signed by the judge, clearly states that the full order of protection expired on July 30, 2020, we find that there was no order of protection in effect on August 13, 2020, when the alleged violation occurred. Therefore, no violation occurred because no order of protection was in effect. Additionally, because there was no valid order of protection in effect at the time of the alleged communication, we need not address Point II, alleging insufficiency of the evidence regarding service. Point I is granted and the judgment of conviction and sentence as to the Letter case is reversed.

### Points III and IV: Legal or Actual Notice

In Points III and IV, Appellant alleges that there was insufficient evidence to prove beyond a reasonable doubt that he had legal or actual notice of the full order of protection in that the State failed to produce any evidence proving service of the full order of protection upon Appellant. "When reviewing a claim challenging the sufficiency of the evidence, this Court must make a *de novo* determination whether the evidence is sufficient to permit a reasonable fact-finder to find the necessary facts beyond a reasonable doubt." *Nowicki*, 682 S.W.3d at 414.

To find that a violation of the terms of a full order of protection has occurred, Section 455.085 requires notice of the full order of protection either by service or by "actual communication to the respondent in a manner reasonably likely to advise the respondent." Section 455.085.8(2). The Supreme Court of Missouri has held that "[f]or purposes of due process as it applies to the crime defined in section 455.085.8, notice is sufficient only if it arrives before the fact, when knowledge of the acts the statute forbids can, if heeded, permit a person to conform her conduct to the demands of the law." *State v. Gentry*, 936 S.W.2d 790, 793 (Mo. banc 1996). Even

5

if a defendant did not have legal notice, "[i]t would be sufficient for a respondent to have actual notice of a protective order and its contents." *Burton*, 320 S.W.3d 170, 175 (Mo. App. E.D. 2010).

Appellant alleges that there was insufficient evidence presented during trial that he was served with the full order of protection after it was entered in 2019, and he therefore lacked legal and actual notice of the specific terms of the order. The evidence presented by the State regarding service includes: (1) the checked box on the full order that states "this Judgment is to be provided to Respondent by: hand delivery (in court);" (2) an entry on Case.net that states "Respondents copy of full order of protection after trial hand delivered in court;" and (3) Victim's testimony that Appellant was in court during the hearing.

Regarding the statutory requirement for legal notice, we first look to the full order of protection, which states, in pertinent part, "Section VIII. Notification of judgment of full order to respondent" specifies the method of service to take place following the entry of the order, of which the trial court selected "this Judgment is to be provided to Respondent by: X hand delivery (in court)." This section only indicates that service was *to be made* upon Appellant at a future time. Language evincing an intended method of service is not the same as proof that service has occurred. The State introduced a Case.net entry from the July 31, 2019 full order of protection hearing as an exhibit at trial. That entry reads, in part, "Respondents copy of full order of protection after trial hand delivered in court."

While "Case.net is not an official record," *Johnson v. McCullough*, 306 S.W.3d 551, 559 n.4 (Mo. banc 2010), Section 490.130 states, in pertinent part, that,

> records of proceedings of any court of this state contained within any statewide court automated record-keeping system established by the supreme court shall be received as evidence of the acts or proceedings in any court of this state without further certification of the clerk, provided that the location from which such records are obtained is disclosed to the opposing party.

Simply put, Section 490.130 allows records of proceedings of any court of this state contained within an automated record-keeping system to be received as evidence of the acts or proceedings in any court. Section 490.130. Further, Missouri Supreme Court Operating Rule 4.03(1)(b) defines court docket sheets as official court records. As a result, the docket entry from Case.net confirms that Appellant was served. Appellant has made no argument that Case.net must be an official record in order for the docket entry from Case.net to be used as proof of service.[3] Because Section 490.130 permits the docket entry contained within Case.net to be "received as evidence of the acts or proceedings" of the court, the docket entry from Case.net is sufficient evidence to prove that Appellant was served with the full order of protection and ergo had legal notice.

In addition to the evidence that service occurred, the State argued that Victim's testimony that Appellant was present in court during the full order of protection hearing and was present when the order was entered is proof that Appellant had actual notice of the full order. This evidence is corroborative of the State's evidence that service occurred. We find that the evidence presented was sufficient for a finder of fact to find proof beyond a reasonable doubt that service occurred or that Appellant had actual notice of the terms of the full order of protection. Accordingly, Points III and IV are denied.

**Points V and VI: Business Records Exception to the Rule Against Hearsay**

In Points V and VI, Appellant argues that the circuit court abused its discretion by admitting into evidence, during the two trials relating to phone calls Victim received from Appellant, call logs from the Warren County jail because the call logs were inadmissible hearsay. Appellant contends that a proper foundation was not laid and that the admission of the call logs was

---

[3] Appellant's argument is limited to the contention that Case.net is not an official record. Appellant does not contend that the record was falsified or is otherwise unreliable.

7

prejudicial. For the sake of brevity, we address Points V and VI together because they contemplate the same evidentiary concern.[4]

This court reviews the admission of evidence at trial for abuse of discretion. *State v. Davis*, 318 S.W.3d 618, 630 (Mo. banc 2010), *as modified on denial of reh'g* (Aug. 31, 2010). "The trial court has broad discretion to exclude or admit evidence at trial." *State v. Schachtner*, 611 S.W.3d 885, 890 (Mo. App. S.D. 2020) (quoting *State v. Shockley*, 410 S.W.3d 179, 195 (Mo. banc 2013)). "A trial court will be found to have abused its discretion when a ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Elliott v. State*, 215 S.W.3d 88, 92 (Mo. banc 2007). "When an evidentiary principle or rule is violated, a circuit court commits error. Such error requires reversal upon a showing of prejudice, or in other words, if such error deprives the accused of a fair trial." *State v. Hollowell*, 643 S.W.3d 329, 336 (Mo. banc 2022). Prejudice occurs when the error "'so influenced the jury that, when considered with and balanced against all of the evidence properly admitted, there is a reasonable probability that the jury would have reached a different conclusion' without the error." *State v. Walkup*, 220 S.W.3d 748, 758 (Mo. banc 2007) (quoting *State v. Roberts,* 948 S.W.2d 577, 592 (Mo. banc 1997)).

Proper admission of evidence requires that a document "meet a number of foundational requirements including: relevancy, authentication, the best evidence rule, and hearsay." *CACH, LLC v. Askew*, 358 S.W.3d 58, 63 (Mo. banc 2012) (quoting *Hadlock v. Dir. of Revenue,* 860 S.W.2d 335, 337 (Mo. banc 1993)). "Hearsay is an out-of-court statement offered to prove the

---

[4] Appellant acknowledges that Point VI was not preserved for appellate review and thus is reviewable only for plain error. Appellant's failure to meet the lower abuse of discretion standard means that Appellant cannot succeed under the higher manifest injustice standard for plain error review. *See* Rule 30.20; *See also State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020).

truth of the matter asserted and depends on the statement's veracity for its value. Hearsay statements are inadmissible unless the statements fall under a recognized exception to the rule against hearsay." *State v. Hollowell*, 643 S.W.3d 329, 337 (Mo. banc 2022) (citing *State v. Kemp*, 212 S.W.3d 135, 146 (Mo. banc 2007)). Missouri law provides an exception to the rule against hearsay for the admission of business records that would otherwise be inadmissible hearsay "if the custodian or other qualified witness testifies to its identity and the mode of its preparation." Section 490.680. "A custodian of records cannot meet the requirements of [Section] 490.680 by simply serving as 'conduit to the flow of records' and not testifying to the mode of preparation of the records in question." *CACH, LLC v. Askew*, 358 S.W.3d 58, 63 (Mo. banc 2012).

Here, Appellant correctly argues that since the testifying police officer was not a records custodian from the Warren County jail he could not lay a proper foundation for the admission of the call logs. There is no evidence that the police officer worked at the Warren County jail or that he knew how these call logs were originated, prepared, or stored.[5] The police officer could not testify that the call logs were "made in the regular course of business, at or near the time of the event that it records." *CACH, LLC*, 358 S.W.3d at 63. Without such knowledge, the police officer could not lay a proper foundation under the business records exception. No custodian of records or other qualified witness testified at the trial.

However, such error only warrants a reversal upon "a showing of prejudice." *Hollowell*, 643 S.W.3d at 336. "In criminal cases involving the improper admission of evidence, the test for prejudice 'is whether the improper admission was outcome-determinative.'" *State v. Reynolds*,

---

[5] Respondent raises the argument that the call logs are not hearsay because they are computer generated. However, *State v. Reynolds*, 456 S.W.3d 101, 104 (Mo. App. W.D. 2015) distinguishes between call logs that are automatically generated and call logs that are made with the aid of human input. Here, we have no evidence as to how these call logs were generated. Therefore, we are unpersuaded that *Reynolds* provides authority for us to conclude that the records relied on here were not hearsay.

456 S.W.3d 101, 105 (Mo. App. W.D. 2015) (quoting *State v. Berwald,* 186 S.W.3d 349, 362 (Mo. App. W.D. 2005)). The call logs were not the only evidence the State produced to show Appellant's conduct. Victim testified in both cases about receiving the phone calls and described hearing Appellant's name in the recorded message from Warren County jail at the beginning of the calls. In the first Phone Call case, the police officer testified that he took a report from Victim regarding phone calls that violated the protective order in February 2020 and interviewed Victim shortly thereafter. Victim alleged that the calls occurred at the end of January 2020. The evidence supports the conclusion that the call occurred at the end of January 2020, well before the expiration of the full order of protection in July 2020. Similarly, in the second Phone Call case, the officer testified he received a report from Victim about phone calls violating the protective order in March 2020. The call logs were cumulative to the testimony of both witnesses. As such, the improper admission of the call logs was not outcome-determinative. Thus, Points V and VI are denied.

## Conclusion

For the foregoing reasons, we reverse the judgment below in the Letter case, Cause No. 20BB-CR01170-01. The judgments in the Phone Call cases, Cause Nos. 20BB-CR00516-01 and 20BB-CR00623-01 are affirmed.

Renée D. Hardin-Tammons, J.

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., concur.

10